Nott, Ch. J.,
delivered the opinion of the court:
The Act 7th June, 1900 (31 Stat. L., 685), which refers to the mileage of naval officers when traveling on land, contains this provision:
“But in cases where orders are given for travel to be performed repeatedly between two or more places in the same vicinity the Secretary of the Navy may, in his discretion, direct that actual and necessaiy expenses only be allowed.”
The order of the Secretary of the Navy which authorized this officer to travel directs him to'keep a memorandum of the actual expenses incurred and submit the same to the Department from time to time for its approval. The order contemplated that the travel would be of the kind for which an officer would be entitled only to his actual necessary expenses, but the Secretary did not by this order actually determine what the travel should be, or that all the travel which the officer might be directed to perform would be of that character. Nevertheless the Secretary, in his communication, January 17, 1901, to the accounting officers, decided that this travel was of that charcter, and that actual traveling expenses only should be allowed.
*536 It is thought by the court that the word “ vicinity ” in the statute has no fixed and definite meaning, and that to determine what is or is not a vicinity in these days of express trains and trollejr cars must be a matter of discretion, and that this discretion is lodged in the Secretary. It follows that his decision can not be reviewed by the court.
Nevertheless, before the Secretary can exercise this discretion, the travel must bo performed ‘{repeatedly between two or more places.” In other cases the law remains undisturbed, leaving the officer entitled to mileage. In the items which' make up the claimant’s case there are three where the travel was not “repeated,” amounting in the aggregate to 1,338 miles, which, at 8 cents per mile, would entitle him to $107.04. It is, however, conceded by the claimant that he has received his actual and necessary expenses for that travel. The amount thereof not being before the court, the court can not make the necessary reduction.
The case will be remanded to the general docket with leave to the claimant to show how much these actual expenses were. On failure of the claimant to make this proof before the 1st of October néxt his petition will be dismissed.